UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KEVIN MADISON,

        Petitioner,

    v.

JULIE WOLCOTT, Orleans Superintendent,

        Respondent.

Case # 20-CV-6267-FPG

DECISION AND ORDER

## INTRODUCTION

*Pro se* Petitioner Kevin Madison, who is incarcerated at Orleans Correctional Facility for attempted fourth-degree criminal possession of a controlled substance, brings a petition for writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1; ECF No. 12-1 at 2. Petitioner also brings two motions for preliminary injunction. ECF Nos. 2, 13. Petitioner claims that the conditions of his confinement render his continued incarceration unconstitutional due to the dangers presented by the ongoing Coronavirus Disease 2019 ("COVID-19") pandemic and seeks immediate release from custody. ECF No. 1 at 3.

The Court denied Petitioner's motion for summary judgment, ECF Nos. 6, 7, because Petitioner failed to pay the filing fee or file a motion to proceed *in forma pauperis* as the Court instructed. ECF No. 3. The Court extended the deadline and Petitioner subsequently filed a motion to proceed *in forma pauperis*, which the Court granted. ECF Nos. 7, 8, 9.

Respondent timely filed a motion to: (1) convert the Petition under 28 U.S.C. § 2241 into a petition under 28 U.S.C. § 2254, (2) dismiss the converted Petition for failure to state a claim and for failure to exhaust state remedies, and (3) stay her deadline to answer the converted Petition. ECF No. 12. In response, Petitioner filed his second motion for preliminary injunction. ECF No.

1

13. For the following reasons, the Petition will be converted, and Petitioner will be afforded an opportunity to withdraw the Petition or respond to Respondent's exhaustion argument in support of her motion to dismiss.

## DISCUSSION

### I. Respondent's Motion to Convert the Petition (ECF No. 12)

Respondent argues that relief is unavailable to Petitioner under Section 2241 and, accordingly, the Court must convert the Petition into a request for relief pursuant to Section 2254. ECF No. 12. The Court agrees.

The Court, in a nearly identical case, recently explained why a similar Section 2241 petition must be converted into one under Section 2254. *Harrison v. Wolcott*, No. 20-CV-6270-FPG, 2020 WL 3000389 (W.D.N.Y. June 4, 2020). Where, as here, a state prisoner is challenging the execution of his sentence and seeks immediate release from custody due to the conditions of his confinement, his claim is properly brought under Section 2254 rather than Section 2241. *Id.* at *2.

Generally speaking, "Section 2241 is not an independent and separate avenue of relief but is to be read in conjunction with the requirements of [Section] 2254, which are 'a limitation on the general grant of jurisdiction conferred in [S]ection 2241 that applies to cases involving prisoners subject to state court judgments.'" *Torres v. Cronin*, No. 19-CV-6462, 2019 WL 6001000, at *1 (W.D.N.Y. Nov. 14, 2019) (quoting *Rittenberry v. Morgan*, 468 F.3d 331, 338 (6th Cir. 2006)).

Accordingly, "if an application that should be brought under 28 U.S.C. § 2254 is mislabeled as a petition under [S]ection 2241, the district court must treat it as a [S]ection 2254 application instead." *Cook v. N.Y. State Div. of Parole*, 321 F.3d 274, 277 (2d Cir. 2003). Whether the Petition appropriately falls under Section 2241 or 2254 is not a mere formality. Section 2254 contains a strict statutory exhaustion requirement and bars relief "unless the 'applicant has

exhausted the remedies available in the courts of the State' or 'there is an absence of available State corrective process.'" *McPherson v. Lamont*, No. 20-CV-534, 2020 WL 2198279, at *4 n.2 (D. Conn. May 6, 2020) (quoting 28 U.S.C. § 2254(b)(1)(A)). Compared to Section 2254's exhaustion requirement, Section 2241's exhaustion requirement may be easier to avoid in light of the current pandemic. *Harrison*, 2020 WL 3000389, at *2.

The Court concludes that Petitioner challenges the execution of his sentence. Petitioner—a state prisoner—seeks immediate release from custody based on the conditions of his confinement, which he alleges are unconstitutional. ECF No. 1 at 1. Although it appears that the Second Circuit has not explicitly considered the issue with respect to state prisoners, the Second Circuit has specified that conditions of confinement claims by federal prisoners relate to the execution of their sentences. *Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir. 2008) (noting that matters relating to the execution of a federal sentence include "the administration of parole, . . . prison disciplinary actions, prison transfers, type of detention and *prison conditions*" (omission in original, internal quotation marks omitted)). "There is no reason to conclude differently in the context of a state prisoner's prison conditions-based claim under Section 2254." *Llewellyn v. Wolcott*, No. 20-CV-498, 2020 WL 2525770, at *3 n.6 (W.D.N.Y. May 18, 2020). Because the Court determines that Petitioner challenges the execution of his state-imposed sentence, it follows that the Petition must be brought under Section 2254. *James v. Walsh*, 308 F.3d 162, 167 (2d Cir. 2002).

In *Steward v. Wolcott*, No. 20-CV-6282, 2020 WL 2846949 (W.D.N.Y. June 2, 2020), the Court addressed the varying authority within district courts in this Circuit on this subject and concluded that the Court is bound by the Second Circuit's holding in *Cook* and the plain language of Section 2254. 2020 WL 2846949, at *2-4. As other judges have found in similar cases in this

3

District and this Circuit, Petitioner's claim regarding his conditions of confinement must be brought under Section 2254. *See Griffin*, 2020 WL 2735886, at *4-5 (collecting cases); *Dafoe v. Wolcott*, No. 20-CV-6269, 2020 WL 2703448, at *1-2 (W.D.N.Y. May 26, 2020); *Brooks v. Wolcott*, No. 20-CV-516, 2020 WL 2553030, at *3-4 (W.D.N.Y. May 20, 2020); *see also Jenkins v. Duncan*, No. 02-CV-673, 2003 WL 22139796, at *3 (N.D.N.Y. Sept. 16, 2003) ("Since Jenkins is a state prisoner challenging the execution of his sentence, this proceeding is properly considered under, and is necessarily subject to, the laws governing habeas petitions brought under 28 U.S.C. § 2254."). Accordingly, Respondent's motion to convert the Petition is GRANTED.

## II.     Opportunity to Withdraw

Because 28 U.S.C. § 2244 imposes limitations on "second or successive" Section 2254 petitions, courts must typically "provide[] notice and an opportunity to withdraw a petition improperly filed under [Section] 2241 before the district court converts it to a [Section] 2254 petition." *Dafoe*, 2020 WL 2703448, at *1-2 (internal quotation marks omitted); *see also Cook*, 321 F.3d at 281-82. Accordingly, the Court advises Petitioner of its intent to convert his Section 2241 petition into a Section 2254 petition. As a result of such conversion, any subsequent Section 2254 petition *may* be subject to restrictions. *See* 28 U.S.C. § 2254(b). The Court further advises Petitioner that he may withdraw the Petition without prejudice to avoid conversion.

## III.    Respondent's Motion to Dismiss (ECF No. 12)

Respondent moves to dismiss the converted Petition on the grounds that (1) it fails to state a cognizable claim and should be brought under 42 U.S.C. § 1983 and (2) even if the Petition does state a cognizable claim, it is unexhausted. ECF No. 12-5.

In *Steward v. Wolcott*, the Court considered and rejected the argument that relief under 42 U.S.C. § 1983 was available to a petitioner who, like here, is in state custody and, due to conditions

of confinement, seeks release as his sole remedy. 2020 WL 2846949, at *4 n.5; *see Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); *see also Llewellyn*, 2020 WL 2525770, at *4 (holding that petitioner had not stated a Section 1983 claim where he sought release and transfer to post-release supervision) (citing *Evil v. Whitmer*, No. 20-cv-343, 2020 WL 1933685, at *2-3 (W.D. Mich. Apr. 22, 2020) ("[T]he relief Petitioner seeks—release from custody—is available only upon habeas corpus review.")). Therefore, the relief Petitioner seeks is not available under 42 U.S.C. § 1983 and the Court declines to dismiss the Petition on the grounds that, as Respondent suggests, it is more properly the "subject of a civil rights action under 42 U.S.C. § 1983, not a habeas corpus petition under 28 U.S.C. § 2254." ECF No. 12-5 at 6.

The Court will not address Respondent's remaining argument for dismissal for failure to exhaust until after Petitioner has the opportunity to withdraw the Petition and to respond to Respondent's arguments.

**IV.    Petitioner's Motions for a Temporary Restraining Order and Preliminary Injunction (ECF Nos. 2, 13)**

Petitioner seeks a temporary restraining order or preliminary injunction compelling his immediate release from state custody. ECF Nos. 2, 13.

"A preliminary injunction is considered an 'extraordinary remedy that should not be granted as a routine matter.'" *Distribution Sys. of Am., Inc. v. Vill. of Old Westbury*, 785 F. Supp. 347, 352 (E.D.N.Y. 1992) (internal quotation marks omitted). A court may grant a motion for a preliminary injunction if the movant establishes "(1) irreparable harm and (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of the claims to

make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party." *Allah v. Piccolo*, No. 16-CV-177-FPG, 2018 WL 2381886, at *2 (W.D.N.Y. May 25, 2018).

Petitioner has not demonstrated a likelihood of success on the merits or sufficiently serious questions going to the merits of his claims because it appears Petitioner's claims, construed under Section 2254, are unexhausted. *See Jackson v. Capra*, No. 14 CIV. 202 GBD GWG, 2015 WL 367085, at *7 (S.D.N.Y. Jan. 28, 2015) ("Here, [Petitioner] cannot demonstrate any likelihood of success or serious questions favoring his position on the merits of the petition because the petition must be dismissed due to his failure to exhaust."), *report and recommendation adopted*, 2015 WL 1064900 (S.D.N.Y. Mar. 2, 2015). Although the Court will afford Petitioner an opportunity to respond to the remaining argument in the motion to dismiss if he chooses not to withdraw the Petition, Petitioner does not meet the standard for a temporary restraining order or preliminary injunction.

## V.     Petitioner's Letter Request (ECF No. 10)

The Court is in receipt of Petitioner's letter request appearing to allege incidents of retaliation for filing the instant Petition. ECF Nos. 10. Those allegations are elaborated on in Petitioner's second motion for a preliminary injunction. ECF No. 13.

For all the reasons already stated, these allegations are not the province of a Section 2254 petition, nor are they properly before the Court in letter form.

## CONCLUSION

For the foregoing reasons:

1. Respondent's motion to convert the Petition, ECF No. 12, is GRANTED.

2. If Petitioner wishes to withdraw the Petition without prejudice, he must inform the Court

       in writing no later than **June 24, 2020**. If he fails to so inform the Court, the Petition will be converted to a Section 2254 petition without further order or action by the Court.

3. If Petitioner fails to withdraw the Petition and it is converted to a Section 2254 petition, by **July 1, 2020**, Petitioner shall respond to Respondent's remaining argument in her motion to dismiss, *i.e.*, that the Petition should be dismissed because Petitioner failed to exhaust state remedies.

4. Respondent's motion to dismiss is DENIED to the extent it seeks dismissal of the Petition on Section 1983 grounds.

5. The Court will not rule on that part of Respondent's motion to dismiss pertaining to Petitioner's alleged failure to exhaust under Section 2254 until Petitioner has an opportunity to respond to the motion.

6. Respondent's motion to stay the deadline to answer the Petition while the motion to dismiss is pending is GRANTED.

7. Petitioner's motions for a preliminary injunction and a temporary restraining order, ECF Nos. 2, 13, are DENIED.

       IT IS SO ORDERED.

Dated: June 11, 2020
       Rochester, New York

                                      HON. FRANK P. GERACI, JR.
                                      Chief Judge
                                      United States District Court